IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

|  |  |
|---|---|
| Aaron Allen, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:22-cv-1045-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| David Stumbo, *Solicitor*; and Penny B. ) | |
| Carson, *Assistant Solicitor*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Aaron Allen ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights related to the prosecution of state criminal charges for which he was acquitted. (ECF Nos. 1; 4; 11). This case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.01(B)(2)(d) (D.S.C.). Now before the Court is the magistrate judge's Report and Recommendation ("Report"), finding the Complaint is subject to summary dismissal and recommending the court dismiss this action without granting Plaintiff any further leave to amend his Complaint and without issuance and service of process. (ECF No. 12). Plaintiff filed objections to the Report, (ECF No. 14), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 12 at 1–5). Briefly, Plaintiff alleges that on October 15, 2016 his ex-wife—from whom he was separated at the time—came home with a cut on her head. (ECF No. 1-1 at 1). Plaintiff claims he took her to the hospital where she gave a voluntary statement to police officers describing the alleged assault that caused her injuries. *Id.* at

1

2. Later that day, Plaintiff was arrested and charged with domestic violence of a high and aggravated nature. *Id*.[1] Plaintiff asserts that he was not indicted within the time permitted under South Carolina law. (ECF No. 1-1 at 2). Plaintiff further contends that there was some kind of relationship between his original defense counsel and one of the prosecutors in his case—Defendant Carson—but he provides no factual allegations about the relationship. *Id*. Instead, Plaintiff alleges that his attorney was dismissed from the case and that Defendant Carson then "secretly initiated indictment proceeding[s]" against him." *Id*. at 3. Plaintiff asserts that his case went to trial—at which he was forced to represent himself—on September 20, 2021, and that the jury returned a unanimous verdict of not guilty on September 23, 2021. *Id*.; *see also State v. Allen* Public Index, Actions (Sept. 27, 2021) (noting the action was disposed on September 27, 2021 after the jury returned a verdict of not guilty).

Plaintiff initiated this action on March 31, 2022, alleging Defendants violated his rights under the Fifth, Sixth, and Fourteenth Amendments, as well as his rights to due process and equal protection, and he asserts claims for malicious prosecution, discrimination, and violation of South Carolina Rule of Criminal Procedure 3. (ECF No. 1 at 3). As to his damages, Plaintiff alleges that while he was in jail following his arrest, his home was robbed and vandalized. (ECF No. 1-1 at 2). Additionally, Plaintiff claims that, as a result of his incarceration and continued monitoring, he has suffered the loss of personal property including jewelry, a shed, a moped, and lawn care equipment. *Id*.; (ECF No. 1 at 5). For relief, Plaintiff seeks monetary damages of $8,100.00 and punitive damages of $500,000.00. (ECF No. 1 at 5).

---

[1] *See also State of South Carolina v. Allen*, No. 2016A2410201144, Greenwood County Public Index – Charges, https://publicindex.sccourts.org/greenwood/publicindex/ (last visited June 29, 2022) [*hereinafter State v. Allen* Public Index]. The court may take judicial notice of court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "'the most frequent use of judicial notice is in noticing the content of court records.'").

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'")).

## DISCUSSION

In her Report, the magistrate judge recommends that the court summarily dismiss Plaintiff's Complaint without leave to amend because the Defendants are entitled to prosecutorial immunity. (ECF. No. 12 at 5–6). As the magistrate judge correctly noted, "[t]he crux of this action appears to be a challenge to Defendants' conduct related to their prosecution of criminal charges against Plaintiff in the state court." *Id*. at 5. The magistrate judge recognized that, as the United States Supreme Court has held, prosecutors acting within the scope of their duties "have absolute immunity from liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are 'intimately associated with the judicial phase of the criminal process.'" *Id*. at 6 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The Supreme Court has further

4

clarified that prosecutorial activities "intimately associated with the judicial phase of the criminal process" to which absolute immunity applies include "prepar[ing] to initiate a judicial proceeding," "appear[ing] in court to present evidence in support of a search warrant application," or conducting criminal trials, bond hearings, grand jury proceedings, and pretrial motions hearings. *Id.* (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009)). Applying this standard, the magistrate judge found that "the alleged wrongful conduct of Defendants is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff." *Id.* Therefore, the magistrate judge concluded that Defendants are entitled to absolute immunity from Plaintiff's claims under § 1983 and such claims are subject to summary dismissal. *Id.*

Although Plaintiff filed objections to the Report, the bulk of his objections are entirely unrelated and unresponsive to the magistrate judge's findings and conclusions. *See* (ECF No. 14). Most of Plaintiff's objections appear to merely repeat the allegations and arguments raised in his Complaint. *Compare id.*, *with* (ECF Nos. 1; 1-1). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012).

Indeed, the only statement in Plaintiff's objections which relates directly to the Report states as follows:

> My Objection is to the complete REPORT AND RECOMMENDATION, DUE TO THE FACT, THAT THE REPORT AND RECOMMENDATION, CONSIST [sic] OF MANY WRONG STATEMENTS ALLEGED BY ME, NOT TRUE, THIS IS WHY I ADDRESSED OUTSIDE CASE CITES, REFERRED STATEMENTS, YET MOSTLY ALL IS COVERED.

5

(ECF No. 14 at 2 (emphasis in original)). As an initial matter, to the extent Plaintiff attempts to object to the magistrate judge's recitation of the background facts and the allegations in the Complaint, the court has thoroughly reviewed the record in this case, Plaintiff's state criminal case, and the pleadings filed by Plaintiff and finds no clear error in the magistrate judge's recitation thereof. Therefore, any such objection is OVERRULED. Furthermore, liberally construing this statement, the court understands Plaintiff to object generally to the magistrate judge's conclusion that Defendants are immune from suit. However, this argument amounts to nothing more than a statement of Plaintiff's disagreement with the magistrate judge's Report and fails to identify any error of law or fact in the magistrate judge's analysis or conclusions. It is well-settled that objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The Court, therefore, **ADOPTS** the magistrate judge's Report (ECF No. 12), and incorporates it herein. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** and without issuance and service of process.[2]

---

[2] The court notes that the dismissal with prejudice applies only to Plaintiff's federal claims under § 1983. To the extent Plaintiff's Complaint can be liberally construed to raise common law and state law claims for malicious

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
June 16, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

prosecution, discrimination, and violation of South Carolina Rule of Criminal Procedure 3, the court declines to exercise supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(c), and such claims are dismissed **without prejudice**.

"[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has the inherent power to dismiss [a] case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C.*, Inc., 239 F.3d 611, 617 (4th Cir. 2001); *see also Moore*, 2007 WL 1590405, at *10 (quoting *McCulloch v. PNC Bank, Inc*., 298 F.3d 1217, 1227 (11th Cir. 2002)) ("'A court may decline to exercise jurisdiction over state-law claims, where the Court has dismissed all the federal claims over which it has original jurisdiction.'").

> Section 13[6]7(c) lists factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims, such as whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court's jurisdiction remain[] in the case; or other compelling reasons. And when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court should consider "principles of economy, convenience, fairness, and comity" . . . .

*Hinson*, 239 F.3d at 617 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). Applying these to Plaintiff's Complaint, the factors weigh heavily in favor of dismissing any potential state law claims. Defendants have absolute immunity from Plaintiff's claims under § 1983 and, consequently, any potential state law claims necessarily predominate because they are the only remaining causes of action. Additionally, any such claims would necessarily involve interpretation of South Carolina statutes, rules, and case law. Finally, the overriding principles of fairness, judicial economy, and comity all support dismissing Plaintiff's Complaint so that he may bring any potential state law claims to the state court for resolution. Therefore, the court declines to exercise supplemental jurisdiction over any state law claims Plaintiff's Complaint may be liberally construed to bring and this action is **DISMISSED** in its entirety.